IN THE UNITED STATES BANKRUPTCY COURT
Southern District of Ohio
Western Division at Dayton

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 19-30293 |
| | : | Judge Humphrey |
| Sean C. Gibson | : | Chapter 13 |
| | : | |
| Debtor | : | |

---

| | | |
|---|---|---|
| Sean C. Gibson | : | Adversary No.:   19-3061 |
| 3608 Waterbury Drive | | |
| Kettering, OH  45439 | : | |
| | | |
| Plaintiff | : | |
| | | |
| vs. | : | |
| | | |
| Valerie Ann Gibson | : | |
| 1313 Stoney Springs Road | | **MOTION FOR SUMMARY** |
| Vandalia, OH  45377 | : | **JUDGMENT** |
| | | |
| Defendant | : | |

---

**COMES NOW** Plaintiff, Sean C Gibson, by and through counsel, and pursuant to Bankruptcy Rule 7056, respectfully requests this Court grant summary judgment in Plaintiff's favor and against Defendant(s), as there are no genuine issues of material fact in dispute and Plaintiff is entitled to judgment as a matter of law. This motion is filed pursuant to this Honorable Court's Order of October 18, 2019. This motion is supported by the following memorandum of fact and law, the affidavit of Plaintiff's authorized representative, and the law of the State of Ohio.

<u>MEMORANDUM OF LAW</u>

**FACTS**

1.    Sean C. Gibson and Valerie Gibson were divorced in the Montgomery County

Ohio Common Pleas Court.

2.      A final judgment and decree of divorce was filed on July 20, 2006 in the Party's

divorce case.  See Attached Exhibit A.

3.      Pursuant to the Ohio Revised Code §3105.171(I) the parties divorce decree

resolves all matters regarding matters of property distribution and settlement.

4.      The Debtor was required, pursuant to paragraph V on page 4 of the divorce decree,

to keep the 2004 GMC Envoy with a debt owed to Ally and to refinance the vehicle into

the name of the Debtor and to hold the Defendant, Valerie Gibson, harmless in the event

the vehicle is repossessed.

5.      Pursuant to paragraph X of the party's divorce decree on page 11, Plaintiff was

required to pay the Defendant a spousal support obligation for a period of two and one-

half (2.5) years.

6.      This obligation began on April 1, 2006 and was terminated as of September 1,

2008 by entry and order granting the termination of this obligation filed on September 17,

2009.

7.      The Defendant, Valerie A Gibson, did not file a claim for herself in the Debtor's

chapter 13 bankruptcy, however, the Montgomery County Child Support Enforcement

Agency filed a claim on Valerie A Gibson's behalf.

8.      The Defendant, Valerie A Gibson, has not herself filed a claim regarding the

amount owed on the 2004 GMC Envoy with a lien owed to Ally.

9.      The obligation owed to Ally is listed only as a DEBT OBLIGATIONS section VI

on page 5 and under the VEHICLES section V on page 4 in the Party's divorce decree

and is not listed or referenced in the CHILD OR SPOUSAL SUPPORT sections on pages 6, 7, and 11 of the decree.

10.     Neither the Montgomery County Common Pleas Court nor the United States Bankruptcy Court has entered an Order finding the property settlement to be a Domestic Support Obligation.

11.     The Debtor, Sean C. Gibson has filed a chapter 13 plan which attempts to cram down the automobile to its value pursuant to 11 U.S.C. §506.

12.     The Debtor and Ally the holder of the lien have agreed to a value of $3000 for the vehicle which shall be paid as the secured portion of the claim, however, the remaining $10,828 of the claim is being treated as an unsecured claim.

Plaintiff now moves this Court for summary judgment in its favor, on all counts, as there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

### SUMMARY JUDGMENT STANDARD

Under *Federal Rule of Civil Procedure 56* ("Civil Rule 56") made applicable in this adversary proceeding by *Federal Rule of Bankruptcy Procedure 7056,* a court "shall grant summary judgement if the movant shows that there is no genuine disputed as to any material fact and the movant is entitled to judgement as a matter of law." *Fed. R. Civ. P. 56(a).* "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Ricci v. DeStefano,* 129 S.Ct 2658, 2677, 174 L.Ed.2d 490 (2009) (internal quotations marks omitted). "A dispute is genuine only if based on the evidence upon which a reasonable [finder of fact] could return a [judgment] in favor of the non-moving party."

3

*Gallagher v. C.H. Robinson Worldwide, Inc.,* 567 F.3d 263, 270 (6th Cir. 2009). And a "factual dispute concerns a 'material' fact only if its resolution might affect the outcome of the suit under the governing substantive law." *In re Phalen,* 445 BR 830, Bankr.SD Oh 2011.

Further, in order to prevail the moving party, if bearing the burden of persuasion at trial, must establish all elements of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct 2548, 91 L.Ed.2d 265 (1986). Thereafter, the opposing party, "must come forward with ' specific facts showing that there is a genuine issue for trial'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 586-88, 106 S.Ct 1348.

## LEGAL ANALYSIS

Section 1328(a) of the Bankruptcy Code excepts from discharge in a chapter 13:

> Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt…(2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of Section 523(a).  11 U.S.C. §1328(a) (2019)

Because section 1328(a) of the bankruptcy code excepts from discharge only those debts listed in section 523 listed above, the debtor is permitted to discharge in a chapter 13

4

many of the other debts included in section 523(a) that typically cannot be discharged in

a chapter 7 bankruptcy.  This includes debts such as debts:

> …to a spouse, former spouse or child of the debtor and not of the kind described
> in paragraph (5) that is incurred by the debtor in the course of a divorce or
> separation or in connection with a separation agreement, divorce decree or other
> order of a court of record or a determination made in accordance with State or
> territorial law by a governmental unit. 11 U.S.C. §523(a)(15) (2019).

In order to prevail the debtor must prove that the debt that is attempted to be discharged

is not the type of debt contemplated under 11 U.S.C. §523(a)(5), which are debts arising

from a divorce decree that are support related debts, and not contemplated under 11

U.S.C. §523(a)(5).  The debt in question is not  a support related debts.

11 U.S.C. Section 523(a)(5) states that:

A discharge under section 727, 1141, 1228(a), 1228(b), 1328(b) of this title does

not discharge an individual from any debt --- (5) for a domestic support obligation.  11

U.S.C. §523(a)(5) The term "domestic support obligation" is defined under 11 U.S.C.

101(14A) to mean:

> A debt that accrues before, on, or after the date of the order for relief in a case
> under this title, including interest that accrues on that debt as provided under
> applicable non-bankruptcy law notwithstanding any other provision of this title,
> that is – (A) owed to or recoverable by – (i) a spouse, former spouse, or child of
> the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a
> governmental unit; (B) in the nature of alimony, maintenance or support
> (including assistance provided by a governmental unit) of such spouse, former
> spouse, or child of the debtor or such child's parent, without regard to whether
> such debt is expressly designated;  (C) established or subject to establishment
> before, on or after the date of the order for relief in a case under this title, by
> reason of applicable provisions of – (i) a separation agreement; (ii) an order of a
> court of record; or (iii) a determination made in accordance with applicable non
> bankruptcy law by a governmental unit; and (D) not assigned to an
> nongovernmental entity unless that obligation is assigned voluntarily by the
> spouse, former spouse, child of the debtor, or such child's parent, legal guardian,
> or responsible relative for the purpose of collecting the debt. 11 U.S.C. §101(14A)
> (2019).

5

**Legal Analysis Under the Standard Set Forth in the Sorah Case**

In determining whether a debt is actually in the nature of alimony, maintenance or support, bankruptcy courts look to traditional state law indicia that are consistent with support obligation.   See *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401 (6th Cir. 1996). These include but are not limited to, (1) a label such as alimony, support or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a 3rd party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for social security benefits. Id at 401.

In the present case the debtor has a decree that discusses the vehicle which is the subject matter of this adversary proceeding.   The Debtor was to keep the vehicle and within 30 days of the sale of the party's real estate, the vehicle was to be refinanced.   The debtor was to hold the wife harmless for the debt if the vehicle was repossessed.   Based on the language in the party's divorce decree, the debt for this section is only discussed in the section of the decree titled "Vehicles" and there is nothing in this section that labels this obligation as spousal or child support, alimony or maintenance.   The Debtor was to pay the payment to the third-party creditor and not directly to the Debtor's ex-wife. Finally, nothing in the decree says that the payments are contingent on any event such as death, remarriage, or eligibility for social security.   Accordingly, the Debtor believes that this debt would not even survive the court's scrutiny under the standard discussed in the *Sorah* case.

**Legal Analysis Under the Standard Set Forth in the Calhoun Case**

Should the court believe that the characterization of this debt as support is ambiguous, then the court can use a heightened test that looks to whether the parties

intended the award to be support. *In re Calhoun*, 715 F.2d 1103, 1111 (6th Cir. 1983).  In *Calhoun*, the Sixth Circuit set forth a four part test for determining whether an obligation not designated as alimony or maintenance and thus is non-dischargeable for the purposes of Section 523(a)(5): First, the obligation constitutes support only if the state court or parties intended to create a support obligation.  Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support. Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law. *Calhoun,* 715 F.2d at 1103, 1111 (6th Cir. 1983) and *Fitzgerald v. Fitzgerald (In re Fitzgerald),* 9 F.3d 517, 520 (6th Cir. 1993).

First, the intent of the parties or the court.  The decree is most helpful in making this determination. In the party's divorce decree, there are sections governing child support and governing spousal support.  The parties were married for 9 years and spousal support was ordered in the decree.  The Debtor was to pay $350 per month for a period of 2.5 years for spousal support from April 2006. The Debtor was also to pay $789 per month for child support.  The decree ordered, "That the Defendant was to keep and retain the 2004 GMC Envoy, upon which there is a joint mortgage indebtedness to Ally shall be the sole property of the Defendant (Sean Gibson), free and clear of any and all claims of the Plaintiff…Defendant must refinance said vehicle in his name only or cause Plaintiff's name to be removed.  Should said vehicle be repossessed, Defendant-Husband shall be solely responsible for any mortgage indebtedness and hold Plaintiff harmless and

indemnify her from any and all liability thereon." Gibson Final Judgment, Decree of Divorce 4, July 20, 2006.

Based on what is stated in the decree, the intent of the parties was to make the debt owed on the GMC Envoy that is the subject of this adversary proceeding a property settlement debt. The court did not retain jurisdiction on the duration of the support which was only to last 2.5 years. This time frame passed by in October 2009. It would be an extension of the time frame of the spousal support obligation to make the plaintiff responsible for the spousal support obligation any further than the original 2.5 years that was ordered in the decree. In addition, the decree makes no reference to the spousal support obligation being tied to the 2004 GMC Envoy. It would be superfluous to read into the decree any more than is already stated. This is exactly what would be accomplished by tying the debt owed to the Debtor's vehicle. In essence the court would be saying that even though Mr. Gibson was to pay spousal support for 2.5 years, that he must pay an additional spousal support obligation for this car. Further, the Defendant Valerie Ann Gibson herself stated at the pre-trial conference held on October 17, 2019, "I do realize that it is stated under property, the vehicle itself is stated under property, and there is a separate area for spousal support." Gibson v. Gibson Pretrial Hr'g. Tr. 4-5, October 17, 2019. It is the contention of the Debtor that the first prong of the test set forth in *Calhoun* is not met as the parties and the court did not intend to create a support obligation for the debt owed on the 2004 GMC Envoy.

Should the court need to look further in the *Calhoun* standard set down, the second prong is that, "the obligation must have the actual effect of providing necessary support". *In re Calhoun*, 715 F.2d 1103, 1111 (6th Cir. 1983). In further explanation of

this standard the court in *Calhoun* states, "The distribution or existence of other property, for example, may make the continuing assumption of joint debts unnecessary for support, as might drastic changes in the former spouse's capability for self-support." *Id* at 1109. Further explaining the court states, "The bankruptcy court should also look to the practical effect of the discharge of each loan upon the dependent spouse's ability to sustain daily needs. Discharge of a joint debt on the bankrupt's automobile, for example, is unlikely to disrupt the dependent spouse's ability to meet daily needs when the automobile itself is available to the creditor in satisfaction of the debt. If without the loan assumption the spouse could not maintain the daily necessities, such as food, housing and transportation, the effect of loan assumption may be found "in the nature of" support for purposes of the Bankruptcy Act." *Id.*

Once again looking at the circumstances of the parties is important. The wife and Debtor husband had a marital residence that was sold in December 2006 and the wife received ½ of the equity of the house plus more of an equity share to compensate her for a support arrearage, a free and clear vehicle with no indebtedness, spousal support in the amount of $350 per month, child support in the amount of $789 per month. Also, the court in *Calhoun* was discussing a discharge in the context of a chapter 7 and stated that if the debtor was getting rid of an automobile it would not disrupt the spouse's ability to sustain her daily needs because the car could be used to pay off the debt after repossession. In this case it is being taken a step further because the Debtor is keeping the vehicle and making payments on the vehicle in his Chapter 13 payment. The Debtor is only asking to discharge a small portion of the debt that is being crammed down pursuant to 11 U.S.C. §506. Still further, the language of the decree says that the Debtor

was only holding his ex-wife harmless for any obligation that was left after the repossession of the car.  At this point the Debtor is keeping a car that is not really worth what he is paying for it.  These payments are actually avoiding repossession of the car.

Should the court find that the obligation is providing support, *Calhoun* states that the obligation can be discharged if it is so excessive as to be unreasonable under traditional concepts of support. *Id* at 1110. In explaining this the court in *Calhoun* says, "The inquiry will be limited to whether the amount agreed to is manifestly unreasonably in view of the earning power and financial status of the debtor spouse." *Id.*  The debtor spouse is currently in a chapter 13 bankruptcy.  He is trying to get custody of his nephews, but currently the Debtor has no other dependents.  Currently his chapter 13 payment is $1480, and he is making $3099.74 leaving the debtor only $1619.74 to live on.  Should the remainder of this vehicle have to be included in the Debtors chapter 13 payment, the Debtors payment would have to increase to almost $1700 and the debtor would be unable to live on what is left over to pay his living expenses.   Based on the budget laid out by the debtor's Schedule I and J, the Debtor will be unable to allow for any increases in plan payments in order to fully compensate the creditor for this automobile and to avoid harming his ex-wife.  Because of this the Debtor would be jeopardizing his fresh start offered by the chapter 13 bankruptcy in order to protect his ex-wife from a creditor that may not even contact her regarding this debt.

The final consideration in *Calhoun* need to not be discussed because it has to do with limiting the amount to allow the debtor to discharge a portion of the debt to keep it reasonable and the calculation of that amount.

10

## CONCLUSION

WHEREFORE, based on the foregoing, it is respectfully submitted that Plaintiff is entitled to Summary Judgment because based on the legal standards set forth above, the debt in question cannot be characterized as alimony, maintenance or support, and the Court should rule in Plaintiff's favor against Defendant as there are no genuine issues of material fact and Plaintiff is entitled to Judgment as a matter of law.

Respectfully submitted:

**Fox & Associates Co., L.P.A.**

/s/ Christopher S. Owen

_____

**CHRISTOPHER S. OWEN, ESQ. (0080766)**
1344 Woodman Drive, Ste F
Dayton, OH 45432
Telephone: (937) 258-3668
Facsimile: (937) 258-3098
**cfoxlaw@aol.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Summary Judgment was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on December 6, 2019, addressed to

Sean Gibson, 3608 Waterbury Drive, Kettering, OH 45439

Valerie Gibson, 1313 Stoney Springs Road, Vandalia, OH 45377

/s/ Christopher S. Owen
_____

Christopher S. Owen, #0080766
Attorney for Debtor