E-FILED
DOMESTIC RELATIONS COURT

2006 ~~~ 27  AM 10: 51

~~ J. FOLEY
~~~~~ ENTS
~~~~~ CO. OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## DIVISION OF DOMESTIC RELATIONS

| | | |
|---|---|---|
| VALERIE ANN GIBSON<br>885 Sussex Place<br>Vandalia, Ohio 45377 | : | CASE NO. 2004 DR 01574 |
| | : | SETS NO.  7003443277 |
| Plaintiff, | : | JUDGE JUDITH A.  KING |
| vs. | : | |
| SEAN CHRISTOPHER GIBSON<br>1362 Stoney Springs Road<br>Vandalia, Ohio 45377 | : | **FINAL JUDGMENT, DECREE<br>OF DIVORCE** |
| | : | |
| Defendant. | : | |

*RICHARD S. DAVIS CO., L.P.A.*
*ATTORNEY AT LAW*

This cause came on for hearing on the 8th day of March, 2006, upon the pleadings, evidence and arguments of counsel.

Upon consideration thereof, the Court finds that the Defendant has been duly and legally served with Plaintiff's Complaint, and the Plaintiff has been served with Defendant's Answer and Counterclaim, according to law.

The Court finds that the Plaintiff has been a resident of the State of Ohio for at least six (6) months and of Montgomery County for at least ninety (90) days  immediately preceding the filing of the Complaint herein; and that the parties were married on or about the 20th day of September, 1997, in Vandalia, in Ohio, and that three (3) children have been born as issue of said marriage, namely: ███████ GIBSON, born ██████, ███████ ██████, born 03 ████████ and ██████████, born ████████, as alleged in Plaintiff's Complaint;

The Court further finds it has jurisdiction over the parties and the subject matter herein, and further, that the Plaintiff and Defendant are incompatible, as admitted by each

1

party, and therefore, the Plaintiff is entitled to a Judgment, Decree of Divorce.

It is therefore ORDERED and ADJUDGED that the marriage contract now existing between the parties be and hereby is dissolved, that the parties are released from their obligations arising therefrom and that the Plaintiff is granted a Judgment, Decree of Divorce.

It is further ORDERED, ADJUDGED and DECREED as follows:

## I. REAL ESTATE

The parties jointly own certain real estate, located at and known as 1362 Stoney Springs Road, Vandalia, Ohio, upon which there is a mortgage indebtedness in the approximate amount of $102,356.26 to U. S. Bank.

It is hereby ORDERED and ADJUDGED as follows:

1)   Said property shall forthwith be listed for sale with Coldwell Banker Realtors.

2)   Said property shall be sold at the recommended listing price; provided however, that if an offer is received within ten percent (10%) of said listing price, it shall be accepted by both parties.

3)   The parties shall cooperate in the listing and all aspects of sale, including open houses.

4)   Defendant, who resides in said real estate, shall be responsible for and shall pay any and all mortgage payments, taxes and insurance through the date of sale and closing of said real estate.

5)   Further, Defendant shall be responsible for the care and maintenance of said real estate, including the lawn, and shall comply with the realtor's recommendations regarding appearance and presentation of the same for sale.

6)   Upon sale and closing, the net proceeds, after payment of real estate commissions, closing costs and expenses of sale, shall be distributed ad follows:

RICHARD S. DAVIS CO., L.P.A.
ATTORNEY AT LAW

(a)  50% of net proceeds to Plaintiff-Wife

(b)  Judgment to Plaintiff-Wife in the amount of $ 7,717.27, representing temporary child support arrearage and $ 1,099.12, representing temporary spousal support arrearage, for a total of $8,816.39, as a lump sum payment.

(c)  The remaining balance of the net proceeds of sale, after distribution of (a) and (b) above, shall be distributed to Defendant-Husband.

## II.  PENSION/RETIREMENT

It is further ORDERED and ADJUDGED that each party shall have as his/her sole property, free and clear of any and all claims of the other, any and all pension, profit-sharing or retirement plans currently in said party's individual name.

## III.  CHECKING, SAVINGS and CREDIT UNION ACCOUNTS

Each party shall have as his/her sole property, free and clear of any and all claims of the other party, any and all checking, savings or credit union accounts held his/her individual name.

## IV.  LIFE INSURANCE

Each party shall have as his/her sole property, free and clear of any and all claims of the other, any and all life insurance policies currently in his/her individual name.

Defendant shall name the children of the parties the irrevocable beneficiaries of his life insurance policy so long as there is a duty to support the minor children of the parties.

Defendant shall provide written proof of named beneficiaries to Plaintiff every six (6) months.

RICHARD S. DAVIS CO., L.P.A.
ATTORNEY AT LAW

3

### V.  HOUSEHOLD GOODS/PERSONAL PROPERTY

It is further ORDERED and ADJUDGED that each party shall have as his/her sole property, free and clear of any and all claims of the other party, all household goods and personal property in his/her possession with the following exception:

1)  The parties shall exchange the antique chair in Defendant's possession for the camcorder in Plaintiff's possession.

Such exchange shall take place no later than 30 days from the date of the filing of the decree.

2)  The parties shall attempt to locate the Glock 9mm hand gun.  Upon gaining possession  thereof, said weapon shall be forfeited to local law enforcement authorities for disposal.

3)  Plaintiff shall provide Defendant with a box of photos she has assembled within 30 days of the filing of the decree.

### V.  VEHICLES

It is further ORDERED and ADJUDGED that the 2004 GMC Envoy, upon which there is a joint mortgage indebtedness to GMAC, shall be the sole property of Defendant, free and clear of any and all claims of Plaintiff.

It is further ORDERED and ADJUDGED that  within thirty (30) days of the sale of the real estate, as set forth in I above,  Defendant must refinance said vehicle in his name only or cause Plaintiff's name to be removed .  Should said vehicle be repossessed. Defendant-Husband shall be solely responsible for any mortgage indebtedness and hold Plaintiff harmless and indemnify her from any and all liability thereon.

It is further ORDERED and ADJUDGED that the Plaintiff shall have as her sole property, free and clear of any and all claims of Defendant, the 1999 Mitsubishi Eclipse, upon which there is no mortgage indebtedness.

4

## VI. DEBT ALLOCATION

It is further ORDERED and ADJUDGED that the Defendant shall assume and pay for the following debts and expenses and hold the Plaintiff harmless and indemnify her from any and all liability thereon:

    1.  GMAC - Envoy automobile mortgage

    2.  Frank Malocu, Esq. - attorney fees and costs advanced

    3.  Any and all debts and expenses incurred by Defendant or on his behalf since the date of separation of the parties, 11/18/04.

Plaintiff shall assume and pay for the following debts and expenses and hold the Defendant harmless and indemnify him from any and all liability thereon:

    1.  Richard S. Davis Co., L.P.A. - attorney fees and costs advanced

    2.  Any and all debts and expenses incurred by Plaintiff or on her behalf since the date of separation of the parties, 11/18/04.

It is further ORDERED and ADJUDGED that the following medical expenses shall be divided between the parties with Defendant-Husband being responsible and paying 66% of the unpaid balances and Plaintiff-Wife being responsible and paying 34% of the unpaid balances:

    (a)  Children's Emergency Services
    (b)  Compunet Clinical Labs
    (c)  Miami Valley Emergency Service
    (d)  Vandalia Medical Center

Further, each party shall make arrangements with said creditors and shall hold the other party harmless and indemnify the other party from any and all liability thereon.

## VII. ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES

It is ORDERED and ADJUDGED that the care, custody and control of the minor children of the parties shall be as follows:

### Residential Parent

Plaintiff shall have the care, custody and control and be designated as residential, legal and custodial parent of the minor child of the parties, ▓▓▓▓▓ born ▓▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓, born ▓▓▓▓▓ and ▓▓▓▓▓▓▓ born ▓▓▓▓▓▓▓    Plaintiff is hereby further designated residential parent for school enrollment purposes.

### Parenting Time Schedule

It is therefore ORDERED and ADJUDGED by the Court that parenting time with the minor children of the parties shall be in accordance with the Standard Order of Parenting Time of the Montgomery County Common Pleas Court, which Order is attached hereto as Exhibit "A" and incorporated herein as if fully rewritten, provided however, that the parties shall coordinate such parenting time so that all the minor children are together for weekend parenting time, if possible.

It is further ORDERED and ADJUDGED that at no time shall either party use or consume alcohol or drugs during parenting time with the minor children of the parties.

### Child Support

It is therefore ORDERED and ADJUDGED that commencing April 1, 2006 and pursuant to the Child Support Computation Worksheet, attached hereto, the Defendant/Obligor shall pay to the Plaintiff as and for support of the minor child of the parties, ▓▓▓▓▓▓▓▓ born ▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓, born ▓▓▓▓▓ and ▓▓▓▓▓▓▓, born ▓▓▓▓▓▓ shall be, the sum of $263.00 per month per child for three (3) children ($789.00 per month total), plus two percent ( 2%) processing charge, as and for the support of said minor children. Such payment shall be made through the Office of Child Support, Ohio Child Support Payment Central (OCSPC), P.O. Box 182394, Columbus. OH  43218-2394, by cash, certified check, or money order, plus the two percent (2%) processing charge until such time as said amounts are withheld by the withholding notice.

RICHARD S. DAVIS CO., L.P.A.
ATTORNEY AT LAW

Said child support shall continue until said minor child dies, marries, obtains the age of nineteen, or graduates from high school (whichever event last occurs) or is otherwise provided by statute. (R.C. 3119.86 and R.C. 3119.88).

The current child support arrearage is $0.00 as of March 31, 2006. The Child Support Enforcement Agency shall correct its records accordingly. Any arrearage created on or after April 1, 2006 shall be preserved.

Any such payment of child support shall be made through the Office of Child Support, Ohio Child Support Payment Central (OCSPC), P.O. Box 182394, Columbus, OH 43218-2394, by cash, certified check, or money order, plus the two percent (2%) processing charge until such time as said amounts are withheld by the withholding notice.

Spousal Support

It is further ORDERED and ADJUDGED that Defendant/Obligor shall pay to Plaintiff the sum of $350.00 per month as and for spousal support for a period of 2.5 years, commencing April 1, 2006.

The current arrearage is $0.00 as of March 31, 2006. The Child Support Enforcement Agency shall correct its records accordingly. Any arrearage created on or after April 1, 2006 shall be preserved.

The Court shall retain jurisdiction as to the amount of spousal support to be paid. The Court shall not retain jurisdiction as to the term of payment of spousal support.

The payment of spousal support shall continue until the death or remarriage of Plaintiff.

Notices to withhold, pending further order of Court, shall be issued as follows:

A  First Notice to withhold shall be issued to:

> First Colony Life(Genworth Financial)
> P.O. Box 6158
> Lynchburg, VA 24505-6158
> Re:  Annuity Contract #2819839

In the amount of $526.00, plus 2% processing fee for a total of $536.52 per month.  Such amounts representing child support of $263.00 per month plus 2% processing

7

fee per child for two (2) minor children, namely Kali Ann Gibson and Jarred C. Gibson.

A Second Notice to withhold shall be issued to:

> American General Annuity Service Corporation
> P.O. Box 15367
> Amarillo, TX 79105
> Re: Policy #401639

In the amount of $438.00 per month, plus 2% processing fee, for a total of $492.66 per month.  Such amounts represent $263.00 per month for the minor child of the parties, namely: Karli Jo Gibson AND $220.00 of the $350.00 per month spousal support ordered herein , plus 2% processing fee.

A Third Notice to withhold shall be issued to Defendant's employer.

In the amount of $130.00 per month, plus 2% processing fee, for a total of $132.60 per month.  Such amount represents the balance of the $350.00 per month spousal support not hereinabove withheld.

The Support Enforcement Agency **SHALL NOT** issue any notice to withhold for any amount other than specifically stated above.

**AN ORDER TO SEEK WORK shall be issued to Defendant Sean Christopher Gibson.**

Obligor/Defendant  shall immediately notify the SEA immediately, in writing, of any change in employment status or employer.  This duty to notify the SEA shall continue until further notice of the Court, and a failure to provide such notification may make the Obligor liable for retroactive support that would have been ordered.

All support under this order shall be withheld or deducted from the income or assets of the Obligor pursuant to a withholding or deduction notice or appropriate order issued in accordance with Chapter 3119, 3121, 3123, and 3125 of the Revised Code or a withdrawal directive issued pursuant to Sections 3123.24 to 3123.28 of the Revised Cods and shall be forwarded to the obligee in accordance with Chapters 3119, 3121, 3123 of the Revised Code.

IT IS FURTHER ORDERED that Obligor is restrained from making said payments directly to the Obligee and the Obligee is enjoined from accepting direct payments from the Obligor.  Any payments of support not made through the OCSPC shall be deemed a gift.

IT IS FURTHER ORDERED that Obligor and Obligee immediately notify the SEA of their current mailing address, current residential address, current residence telephone number and current driver license number. This duty to notify the SEA immediately of any change in either address, phone numbers or driver license numbers shall continue until further notice of the court.

IT IS FURTHER ORDERED that the Obligor shall immediately notify the SEA immediately, in writing, of any change in employment status or employer. This duty to notify the SEA shall continue until further notice of the Court, and a failure to provide such notification may make the Obligor liable for retroactive support that would have been ordered.

IT IS FURTHER ORDERED that the Obligor and Obligee shall immediately notify the SEA, in writing, of <u>any change</u> in the status of the minor child of the parties which would terminate the duty of Obligor to pay child support.

IT IS FURTHER ORDERED that the Obligor and Obligee shall immediately notify the other party, in writing, of <u>any change</u> in status which would effect child support and/or spousal support.

IT IS FURTHER ORDERED that if the Obligee is to receive spousal support from the Obligor, the Obligee shall immediately notify the SEA, in writing, of remarriage if the remarriage would terminate the obligation to pay spousal support.

IT IS FURTHER ORDERED that both parties shall take notice of the Obligee's Rights and Remedies for Enforcement of Support, attached hereto, available to the Obligee in the event the Obligor fails to make payment of support as ordered herein.

**EACH PARTY TO THIS SUPPORT ORDER MUST NOTIFY THE CHILD SUPPORT ENFORCEMENT AGENCY OF HIS OR HER CURRENT MAILING ADDRESS, CURRENT RESIDENCE ADDRESS, CURRENT RESIDENT TELEPHONE NUMBER, CURRENT DRIVER'S LICENSE NUMBER, AND OF ANY CHANGES IN THAT INFORMATION. EACH PARTY MUST NOTIFY THE AGENCY OF ALL CHANGES UNTIL FURTHER NOTICE FROM THE COURT. IF YOU ARE THE OBLIGOR UNDER A CHILD SUPPORT ORDER AND YOU FAIL TO MAKE THE REQUIRED NOTIFICATIONS YOU MAY BE FINED UP TO $50 FOR A FIRST OFFENSE, $100 FOR A SECOND OFFENSE, AND $500 FOR EACH SUBSEQUENT OFFENSE. IF YOU ARE AN OBLIGOR OR OBLIGEE UNDER ANY**

RICHARD S. DAVIS CO., L.P.A.

ATTORNEY AT LAW

**SUPPORT ORDER AND YOU WILLFULLY FAIL TO MAKE THE REQUIRED
NOTIFICATIONS YOU MAY BE FOUND IN CONTEMPT OF COURT AND BE
SUBJECTED TO FINES UP TO $1,000 AND IMPRISONMENT FOR NOT MORE
THAN 90 DAYS.**

**IF YOU ARE AN OBLIGOR AND YOU FAIL TO MAKE THE REQUIRED
NOTIFICATIONS  YOU MAY NOT RECEIVE NOTICE OF THE FOLLOWING
ENFORCEMENT ACTIONS AGAINST YOU:  IMPOSITION OF LIENS AGAINST
YOUR PROPERTY; LOSS OF YOU PROFESSIONAL OR OCCUPATIONAL
LICENSE, DRIVER'S LICENSE, OR RECREATIONAL LICENSE; WITHHOLDING
FROM YOUR INCOME; ACCESS RESTRICTION AND DEDUCTION FROM YOUR
ACCOUNTS IN FINANCIAL INSTITUTIONS; AND ANY OTHER ACTION
PERMITTED BY LAW TO OBTAIN MONEY FROM YOU TO SATISFY YOUR
SUPPORT OBLIGATION.**

## VIII.  CHILD HEALTH CARE ORDER

It is FURTHER ORDERED  that the parties shall take note of the Standard Order
of Heath Care Needs for Dependent Children filed with and attached hereto as Exhibit "B"
and incorporated herein as if fully rewritten..

As of the filing of the Judgement Decree of Divorce herein, neither party has health
insurance available to them.  However, IT IS THEREFORE ORDERED since no health
insurance for dependent children is available at a reasonable cost, obligee shall be responsible
for the first $100 incurred per child per calendar year of uninsured medical, dental and optical
expenses.

Costs of the remaining medical, dental, optical, and all psychological expenses,
shall be shared by obligor and obligee in amounts equal to their percentages of total income
found on Line 16 of the Child Support Computation Worksheet, attached hereto. Plaintiff to
pay 34% and Defendant to pay 66%, subject to further order of court.

IT IS FURTHER ORDERED that if, after the issuance of this order, group health
insurance becomes available for the dependent children at a reasonable cost through a plan
offered by the obligor's or obligee's employer or through any other group health insurance
plan available to obligor or obligee, said party shall immediately notify the Montgomery
County Support Enforcement Agency, 14 West Fourth Street, Room 530, Dayton, Ohio
45422-3080, in writing of the available insurance, company name and address and policy
number.

RICHARD S. DAVIS CO., L.P.A.
ATTORNEY AT LAW

It is further ORDERED that all uninsured or uncovered extraordinary hospital, medical, dental, orthodontic, optical or psychiatric/psychological expenses shall be divided between the parties, Plaintiff to pay 34%, Defendant to pay 66%, subject to further Order of Court.

## IX.  TAX EXEMPTIONS

It is further ORDERED and ADJUDGED that Plaintiff shall have the right to claim the minor children of the parties, ███ and ███ for State, Federal and local income tax exemption purposes, commencing tax year 2005.

It is further ORDERED and ADJUDGED that Defendant shall have the right to claim the minor child of the parties ███ for State, Federal and local income tax exemption purposes, so long as he is current in his child support obligation, commencing tax year 2005.

## X.  SPOUSAL SUPPORT (ALIMONY)

It is further ORDERED and ADJUDGED that the Defendant shall pay to the Plaintiff as and for spousal support the sum of $350.00 per month, plus two percent (2%) processing charge, for a period of 2.5 years commencing April 1, 2006.. It is ORDERED that said spousal support payment shall be paid through the Office of Child Support, Ohio Child Support Payment Central (OCSPC), P.O. Box 182394, Columbus, OH 43218-2394.

## XI.  FEDERAL, STATE and LOCAL INCOME TAXES

For tax year 2005 and all years thereafter, the parties shall be entitled to file Federal, State and Local taxes as allowed by law.

## XII.  COURT COSTS

It is further ORDERED and ADJUDGED that the Defendant shall be responsible and pay for any and all additional court costs incurred in this matter to the Clerk of Courts, Domestic Relations Division, 41 N. Perry Street, Dayton, Ohio 45422.

RICHARD S. DAVIS CO., L.P.A.
ATTORNEY AT LAW

**ALL UNTIL FURTHER ORDER OF THE COURT.**

**APPROVED:**

JUDGE JUDITH A. KING

Richard S. Davis, #0031166
RICHARD S. DAVIS CO., L.P.A.
108 East Main Street
Tipp City, Ohio  45371
(937) 667-2466
Attorney for Plaintiff

*Seen but not approved*

Frank A. Malocu #0055228
Attorney at Law
130 West Second Street
Suite 2100
Dayton, Ohio 45402
(937) 461-0000
Attorney for Defendant

**NOTICE OF FINAL APPEALABLE ORDER**

Copies of the foregoing Entry and Order, which may be a final appealable order, were mailed to parties indicated below, on the date indicated below, by ordinary mail.

Dan Foley, Clerk of Courts

By: _____

# CHILD SUPPORT COMPUTATION WORKSHEET

## SOLE RESIDENTIAL PARENT OR SHARED PARENTING ORDER

**Name of Parties:** Gibson
**Case No:** 04DR1574
**Number of Minor Children:** 3
The following parent was designated as residential parent and legal custodian:
☒ - Mother;        ☐ - Father.        ☐ - Shared

| | Column I FATHER | Column II MOTHER | Column III COMBINED |
|---|---|---|---|
| **INCOME** | | | |
| 1. a. Annual gross income from employment or, when determined appropriate by the Court or Agency, average annual gross income from employment over a reasonable period of years. (exclude overtime and bonuses, self employment income, or commissions).................................................. | 18,200.00 | 15,731.65 | |

b. Amount of overtime, bonuses, and commissions.

| | Father | Mother |
|---|---|---|
| Yr. 3 (3 yrs ago) | 0.00 | 0.00 |
| Yr. 2 (2 yrs ago) | 0.00 | 0.00 |
| Yr. 1 (Last calendar yr) | 0.00 | 0.00 |
| Average: | 0.00 | 0.00 |

| | Column I FATHER | Column II MOTHER | Column III COMBINED |
|---|---|---|---|
| (Include in Column I and/or Column II the average of the three years or the year 1 amount, whichever is less, if there exists a reasonable expectation that the total earnings from overtime and/or bonuses during the current calendar year will meet or exceed the amount that is the lower of the average of the three years or the year 1 amount. If, however, there exists a reasonable expectation that the total earnings from overtime/bonuses during the current calendar year will be less than the lower of the average of the three years or the year 1 amount, include only the amount reasonably expected to be earned this year.)........................ | 0.00 | 0.00 | |
| 2. For self-employment income: | | | |
| a. Gross receipts from business........................... | 0.00 | 0.00 | |
| b. Ordinary and necessary business expenses..... | 0.00 | 0.00 | |
| c. 5.6% of adjusted gross income or the actual marginal difference between the actual rate paid by the self-employed individual and the F.I.C.A. rate................................................... | 0.00 | 0.00 | |
| d. Adjusted gross income from self-employment (subtract the sum of 2b and 2c from 2a).......... | 0.00 | 0.00 | |
| 3. Annual income from interest and dividends (whether or not taxable)........................................ | 24,000.00 | 0.00 | |
| 4. Annual income from unemployment compensation | 0.00 | 0.00 | |
| 5. Annual income from workers' compensation, disability insurance benefits, or social security disability/retirement benefits................................. | 0.00 | 0.00 | |

NONAME5

| | Column I<br>FATHER | Column II<br>MOTHER | Column III<br>COMBINED |
|---|---|---|---|
| Other annual income (identify)...........................<br>spousal support $350/month | 0.00 | 4,200.00 | |
| 7. Total annual gross income (add lines 1a, 1b, 2d, and 3 - 6)................................................. | 42,200.00 | 19,931.65 | |

## ADJUSTMENTS TO INCOME

| | Column I<br>FATHER | Column II<br>MOTHER | Column III<br>COMBINED |
|---|---|---|---|
| 8. Adjustment for minor children born to or adopted by either parent and another parent who are living with this parent; adjustment does not apply to step-children (number of children times federal income tax exemption less child support received, not to exceed the federal tax exemption)...................... | 0.00 | 0.00 | |
| 9. Annual court-ordered support paid for other children........................................................ | 0.00 | 0.00 | |
| 10. Annual court-ordered spousal support paid to any spouse or former spouse............................... | 4,200.00 | 0.00 | |
| 11. Amount of local income taxes actually paid or estimated to be paid................................... | 409.50 | 353.96 | |
| 12. Mandatory work-related deductions such as union dues, uniform fees, etc. (not including taxes social security, or retirement)............................... | 0.00 | 0.00 | |
| 13. Total gross income adjustments (add lines 8 through 12)................................. | 4,609.50 | 353.96 | |
| 14. Adjusted annual gross income (subtract line 13 from line 7)........................... | 37,590.50 | 19,577.69 | |
| 15. Combined annual income that is basis for child support order (add line 14, Column I and Column II)................................................ | | | 57,168.19 |
| 16. Percentage of parent's income to total income<br>a. Father (divide line 14, Column I, by line 15, Column III)................................................<br>b. Mother (divide line 14, Column II, by line 15, Column III)................................................ | 65.75% | 34.25% | |
| 17. Basic combined child support obligation (refer to schedule, first column, locate the amount nearest to the amount on line 15, Column III, then refer to column for number of children in this family. If the income of the parents is more than one sum but less than another, you may calculate the difference)...................................... | | | 13,050.12 |
| 18. Annual support obligation per parent<br>a. Father (multiply line 17, Col. III, by line 16a).....<br>b. Mother (multiply line 17, Col. III, by line 16b)..... | 8,580.45 | 4,469.67 | |
| 19. Annual child care expenses for children who are the subject of this order that are work-, employment training-, or education-related, as approved by the court or agency (deduct tax credit from annual cost, whether or not claimed)........................................................ | 0.00 | 1,346.40 | |

|  | Column I FATHER | Column II MOTHER | Column III COMBINED |
|---|---|---|---|
| 20. Marginal, out-of-pocket costs, necessary to provide for health insurance for the children who are the subject of this order........................... | 0.00 | 0.00 | |
| 21. ADJUSTMENTS TO CHILD SUPPORT | | | |
| Father (only if obligor or shared parenting) a. Additions: line 16a times sum of amounts shown on line 19, Column II and line 20, Column II..... | 885.26 | | |
| Mother (only if obligor or shared parenting) b. Additions: line 16b times sum of amounts shown on line 19, Column I and line 20, Column I....... | | 0.00 | |
| Father (only if obligor or shared parenting) c. Subtractions: line 16b times sum of amounts shown on line 19, Column I and line 20, Column I....... | 0.00 | | |
| Mother (only if obligor or shared parenting) d. Subtractions: line 16a times sum of amounts shown on line 19, Column II and line 20, Column II..... | | 0.00 | |
| 22. OBLIGATION AFTER ADJUSTMENTS TO CHILD SUPPORT | | | |
| a. Father: Line 18a plus or minus the difference between line 21a minus line 21c..................................... | 9,465.71 | | |
| b. Mother: Line 18b plus or minus the difference between line 21b minus line 21d..................................... | | 0.00 | |
| 23. ACTUAL ANNUAL OBLIGATION: a. (Line 22a or line 22b, whichever line corresponds to the parent who is the obligor)........................ | 9,465.71 | 0.00 | |
| b. Any non-means-tested benefits, including social security and veterans' benefits, paid to and received by a child or a person on behalf of the child due to death, disability, or retirement of the parent...... | 0.00 | 0.00 | |
| c. Actual annual obligation (subtract line 23b from line 23a)................................................................. | 9,465.71 | 0.00 | |
| 24. a. Deviation from sole residential parent support amount shown on line 23c if amount would be unjust or inappropriate: (see section 3119.23 of the revised code.) (specific facts and monetary value must be stated.) | 0.00 | 0.00 | |
| b. Deviation from shared parenting order: (see sections 3119.23 and 3119.24 of the revised code.) (specific facts including amount of time children spend with each parent, ability of each parent to maintain adequate housing for children, and each parent's expenses for children must be stated to justify deviation.) | 0.00 | 0.00 | |

| | Column I FATHER | Column II MOTHER | Column III COMBINED |
|---|---|---|---|
| 25. **FINAL** FIGURE (This amount reflects final annual child support obligation; line 23c plus or minus any amounts indicated in line 24a or 24b...................................................................... | 9,465.71 | 0.00 | |
| 26. FOR DECREE: Child support per month (divide obligor's annual share, line 25, by 12) plus any processing charge................................... | 788.81 | 0.00 | |

263 / month child

**Prepared by:**

Counsel:_____    Pro Se:_____

(For mother/father)

CSEA:_____    Other:_____

**Worksheet has been reviewed and agreed to:**

_____    _____

Mother    Date

_____    _____

Father    Date

DR-20 (4/01)

## OBLIGEE'S RIGHTS AND REMEDIES FOR ENFORCEMENT OF SUPPORT

Upon Obligor's failure to pay child support and/or **spousal** support or to provide medical insurance as ordered, the Obligee has the right to apply to the Montgomery County Support Enforcement Agency for assistance on obtaining any of the following:

A.   An order for:

    1.   withholding of **spousal** support and/or child support from the personal earnings or bank accounts of the Obligor under Chapter 3121 of the Ohio Revised Code;

    2.   the assignment of the wages of the Obligor under Section 1321.33 of the Ohio Revised Code;

    3.   the enforcement of medical insurance support for the children.

B.   A judgment, and then execution on that judgment through any available procedure, including but not limited to:

    1.   an execution against the property of the judgment debtor under Chapter 2329 of the Ohio Revised Code;

    2.   an execution against the person of the judgment debtor under Chapter 2331 of the Ohio Revised Code;

    3.   a proceeding in aid of execution under Chapter 2333 of the Ohio Revised Code, including:

        a.   a proceeding for the examination of the judgment debtor under Sections 2333.09 to 2333.12, and 2333.15 to 2333.27 of the Ohio Revised Code;

        b.   a proceeding for examination of the person holding property, money, or credits of the judgment debtor which is in the nature of garnishment or attachment by notice under Sections 2333.13 to 2333.27 of the Ohio Revised Code;

        c.   a proceeding for attachment of the person of the judgment debtor under Section 2333.28 of the Ohio Revised Code;

        d.   a creditor's suit under Section 2333.01 of the Ohio Revised Code;

    4.   the attachment of the property of the judgment debtor under Chapter 2715 of the Ohio Revised Code.

Failure of an Obligee to request the Montgomery County Support Enforcement Agency to maintain an action under Section 2301.38 of the Ohio Revised Code shall not operate as a waiver of any right of the Obligee to seek enforcement of a support order, including medical insurance. Upon receipt of support payments, the Support Enforcement Agency will pay out these support payments within two business days.

Case 3:19-ap-03061   Doc 20-1   Filed 12/06/19   Entered 12/06/19 16:12:13   Desc
Exhibit A   Page 18 of 18

**STATE OF OHIO**

**MONTGOMERY COUNTY**

DAN FOLEY, Clerk of the Court of Common Pleas, within and for the County and State aforesaid, does hereby certify that the foregoing is a true and correct copy of
**FINAL DECREE OF DIVORCE**
In Case No. _04_ DR _15.74_.
WITNESS my hand and seal of said Court, at the City of Dayton, Ohio, this
_20_ day of _July_ , 2006

**DAN FOLEY**
Clerk of Common Pleas, Montgomery County, Ohio
By: **T. Oliver**, Deputy Clerk

(SEAL)