**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: January 2, 2020**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| In re:  SEAN C. GIBSON,<br><br>                              *Debtor* | Case No.    19-30293<br>Adv. No.    19-3061 |
| SEAN C. GIBSON,<br><br>                              *Plaintiff*<br><br>        v.<br><br>VALERIE ANN GIBSON,<br><br>                              *Defendant* | Judge Humphrey<br>Chapter 13 |

**Decision Granting Plaintiff Summary Judgment**

This decision concerns whether a hold harmless provision in a divorce decree on a joint debt for a motor vehicle is a non-dischargeable domestic support obligation, or instead a property division that may be discharged in Chapter 13. This court has jurisdiction pursuant to

28 U.S.C. § 1334(b) and the Standing Order of Reference, Amended General Order 05-02 (S.D. Ohio). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and the court has constitutional authority to enter final judgment.

## Findings of Fact

The debtor, Sean C. Gibson (the "Debtor"), filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's proposed amended plan was confirmed and provided that a debt owed to Ally Financial ("Ally"), secured by a lien in a 2004 GMAC Envoy (the "Vehicle") would be crammed down to a secured claim of $3,000, with an interest rate of 6% and the balance owed on the debt would be paid as a non-priority unsecured claim. estate docs. 26, 34 and 41. Ally filed a proof of claim for $13,828.26. Claim 3-1. The plan provides for no payment to the class of non-priority unsecured creditors. The Debtor's former spouse, Valerie Gibson ("Gibson"), is a co-obligor on the Ally debt.

The Debtor filed an adversary proceeding seeking a determination that the hold harmless provision in the parties' divorce decree is dischargeable in this Chapter 13 case. Gibson filed an answer contesting the dischargeability of the Debtor's obligation to her under the hold harmless provision. Following a pretrial conference, the Debtor moved for summary judgment. Gibson did not file a response to the motion.

The facts are undisputed. The Debtor and Gibson were divorced by a *Final Judgment, Decree of Divorce*, entered in the Montgomery County Court of Common Pleas, Domestic Relations Division, on July 20, 2006 (the "Decree"). doc. 20 (Exhibit A). The debt in question arises out of a hold harmless provision in the Decree concerning the Vehicle. That provision states, in relevant part, that:

### V. Vehicles

> It is further ORDERED and ADJUDGED that the 2004 GMC Envoy, upon which there is a joint mortgage indebtedness to GMAC, shall be the sole property of Defendant, free and clear of any claims of Plaintiff.
>
> It is further ORDERED and ADJUDGED that within (30) days of the sale of the real estate, as set forth in I above, [Debtor] must refinance said vehicle in his name only or cause Plaintiff's name to be removed. Should said vehicle be repossessed, [Debtor] shall be solely responsible for any mortgage

> indebtedness and hold Plaintiff harmless and indemnify her from any and all liability thereon.

This section also provides that Gibson would keep her vehicle, which was free and clear of any lien. The Decree separately provided for spousal support for Gibson in the amount of $350 each month, for two and one-half years. Decree at 7 and 11. The Decree did not include any provision for the divorce court to maintain jurisdiction over spousal support after the payments were made. The Decree also included separate provisions for child support for the parties' minor children. *Id.* at 6, 7 and 11.

The Decree also addressed the marital residence. At the time of the Decree, the residence had a mortgage loan with a balance of $102,356. *Id.* at 2. The Decree provided that 50% of the net proceeds from the sale of the residence would go to Gibson, plus an additional $8,616.39, which represented temporary spousal support and child support arrearages. *Id.* at 3.

The Decree provided the Debtor would pay 66% of certain enumerated medical expenses. Each party would pay for its own legal fees, and post-separation debts. *Id.* at 5. With some minor exceptions, the parties would maintain any separately held life insurance, bank accounts, and personal property. *Id.* at 3 and 4.

## Analysis

A Chapter 13 discharge does not include domestic support obligations. 11 U.S.C. § 523(a)(5), and 1328(a)(2).[1] However, a debt within a divorce decree that is not a domestic support obligation is dischargeable in a Chapter 13, but not in a Chapter 7 case. 11 U.S.C. §§ 523(a)(15)[2] and 1328(a)(2). *See also Hollington v. Ruf (In re Hollington)*, No. 10-8086, 464 B.R. 61, 2011 WL 5579181 (B.A.P. 6th Cir. Nov. 17, 2011) (table decision) (citing *Gibson v. Gibson (In re Gibson)*), 219 B.R. 195 (B.A.P. 6th Cir. 1998) and affirming the bankruptcy court's ruling that a third-party obligation under an Ohio divorce decree is in connection with the divorce decree

---

[1] 11 U.S.C. § 523(a)(5) excepts from discharge a "domestic support obligation," as defined in 11 U.S.C. § 101(14A). 11 U.S.C. § 1328(a)(2) excepts any § 523(a)(5) debt from a Chapter 13 discharge.

[2] 11 U.S.C. § 523(a)(15) includes any debt not described in § 523(a)(5) "that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]"

3

and non-dischargeable in a Chapter 7). The Debtor seeks a determination that the hold harmless provision in the Decree relating to the Vehicle is not a domestic support obligation.

A domestic support obligation is defined as:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

  (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

  (ii)  a governmental unit;

*(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;*

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

  (i)   a separation agreement, divorce decree, or property settlement agreement;

  (ii)  an order of a court of record; or

  (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (emphasis added).

It is undisputed that the assumption of the Vehicle debt to Ally is included within the Decree. The question however, as defined by Congress, is whether this debt is "in the nature of alimony, maintenance, and support" and therefore a domestic support

4

obligation. In making this determination, the court can look beyond the labels used by the parties in the Decree. *In re Boller*, 393 B.R. 569, 574 (Bankr. E.D. Tenn. 2008). The issue ultimately is whether the parties intended the assumption of this debt to be in lieu of support or, instead, is it better characterized as a division of martial property? *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401-02 (6th Cir. 1998).

The court finds that the debt assumption by the Debtor on the secured loan for the Vehicle was not in lieu of support because it does not show the indicia of support. First, the Decree provided separately for spousal support and the divorce court did not maintain jurisdiction after the two and one-half years of monthly spousal support payments were completed. Second, the hold harmless obligation was not expressly provided for as support and is not a direct payment to Gibson, but rather, an assumption of a third-party debt. Third, the vehicle section of the Decree is best read as a typical division of property, with each party keeping their own vehicle. Fourth and finally, no other particular language in the Decree overcomes that the four corners of the decree do not label this as support, or suggest that the assumption of the Vehicle debt was intended in lieu of support. For example, the assumption of the payments for the Vehicle are not contingent upon Gibson's remarriage, death, or eligibility for Social Security. *Sorah*, 163 F.3d at 401.[3]

## Conclusion

For these reasons, the court determines that the Debtor's debt to Gibson arising out of the hold harmless provision of the divorce Decree shall be discharged upon the Debtor's discharge in this Chapter 13 case pursuant to 11 U.S.C. §§ 523(a)(15) and 1328(a)(2). The court will enter a separate order consistent with this decision.

Copies to:

Christopher S. Owen (Counsel for Plaintiff)

Valerie Ann Gibson (Pro Se Defendant), 1313 Stoney Springs Road, Vandalia, OH 45377

---

[3] Since the changes to § 523(a)(15) enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the relative ability of either spouse to pay the debt is not relevant.